**Cite as: Opinion No. 98-003**
**(January 27, 1998)**
**(unpublished)**


ELECTIONS – FAIR ELECTION PRACTICES ACT – COUNTIES – PUBLIC ETHICS LAW – PREEMPTION OF COUNTY ORDINANCE BARRING POLITICAL CONTRIBUTION SOLICITATION BY QUASI-JUDICIAL OFFICIALS


January 27, 1998


*Charles W. Thompson, Jr., Esquire*
*County Attorney for Montgomery County*


You have requested our opinion whether federal or State law would prevent the Montgomery County Council from enacting legislation prohibiting the solicitation of political contributions under certain circumstances. Specifically, the proposed legislation would prohibit members of county boards and commissions that exercise quasi-judicial authority from soliciting campaign contributions from persons or entities that might appear before them in their quasi-judicial capacities. In an extensive opinion, a copy of which is attached, your office advised the chair of the Montgomery County Ethics Commission that the council has the authority to impose this prohibition.

After a careful review of your office's opinion, we agree in part and disagree in part.[1] Specifically, we agree with your conclusions that the proposed restriction would not violate the free speech guarantees of the United States and Maryland Constitutions; that neither the Federal Election Campaign Act nor the federal Hatch Act preempts the county's authority to impose this prohibition; and that Article 24, Title 13 of the Maryland Code, which bars local government restrictions "on the political activities of an employee of the local entity," does not apply to the public officers who would fall within the scope of the prohibition.[2]

---

[1] Quite appropriately, your request does not call on us to review Part III of your opinion, concerning county law.

[2] We assume that a county ordinance would be carefully drafted
(continued...)

Our disagreement is with the portion of your office's opinion that resulted in the following conclusion: "The State Election Code does not preempt the County's ability to prohibit members of its quasi-judicial boards and commissions from soliciting funds for partisan political campaigns and to restrict other political activities that conflict with a compelling county interest such as the proper performance of quasi-judicial duties." In our opinion, the solicitation of political contributions is a matter within the zone of preemption of the State's election laws and is therefore beyond the county's authority.

# I

## Scope of Preemption

In *County Council v. Montgomery Ass'n*, 274 Md. 52, 333 A.2d 596 (1975), the Court of Appeals held that "[t]he General Assembly has so forcibly expressed its intent to occupy the field of regulating election finances that an intent to preclude local legislation in that field must be inferred." 274 Md. at 60. In other words, the Court wrote, "the matter of election campaign financing was intended to be completely occupied by state law, to the exclusion of any local legislation on the subject ...." *Id*.[3] In describing the General Assembly's "extensive legislation" concerning campaign finance and spending, the Court pointed out that the Fair Election Practices Act, Subtitle 26 of Article 33, "prohibits certain practices in the *solicitation* and use of campaign money ...." 274 Md. at 63 (emphasis added).

Specifically, under the Fair Election Practices Act, lobbyists are prohibited from establishing political committees "for the purpose of soliciting or transmitting contributions or transfers from any person to a member or candidate for election to the General Assembly." Article 33, §26-3(a)(4)(i)2. Employers are subject to certain requirements when they engage in "soliciting an employee for any contribution by means of a payroll deduction ...." §26-9(c)(4). Finally, "during a regular session of the General Assembly, the Governor, the Lieutenant Governor, the Attorney General, the Comptroller, a member of the General Assembly,

---

[2] (...continued)
so as not to exceed the county's authority with respect to members of bi-county agencies created by public general law.

[3] The Court thus invalidated ordinances dealing with campaign contribution limits, contribution disclosures, and campaign spending limits.

or a person acting on behalf of any of these office holders, may not," among other things, "solicit or sell a ticket to any fund-raising event for any candidate for federal, state, or local office, any authorized candidate campaign committee, or any political committee ... operated in coordination with a candidate." §26-10(a)(3).

The 1997 enactment of this last provision reflects a recognition by the General Assembly that public confidence in government may suffer if elected officials are allowed to solicit campaign contributions while they are involved in the legislative process. The same justification could be advanced in support of legislation to prevent public officials from soliciting campaign contributions while involved in the quasi-judicial process. Nevertheless, the General Assembly has not enacted a prohibition applicable to this latter situation. Moreover, because of "the exclusion of any local legislation on the subject," 274 Md. at 60, Montgomery County may not expand the General Assembly's category to another group of officials, members of quasi-judicial boards and commissions.

A prior Attorney General's opinion that found a Prince George's County lobbying restriction not preempted is distinguishable. In that case, the local regulation deemed permissible was directed at threats or blandishments made by lobbyists in discourse with county council members; the portion of the Prince George's County law that directly restricted the act of soliciting was considered preempted. 75 *Opinions of the Attorney General* 343 (1990).[4]

Nor, in our view, can the proposed prohibition on the solicitation of political contributions be viewed as a permissible local enactment under the Maryland Public Ethics Law.[5] To be sure, Montgomery County and other local jurisdictions are obligated to "enact provisions to govern the public ethics of local officials relating to," among other things "conflicts of interest," and the county's conflict of interest provision may be drafted "to make the provisions relevant to the prevention of conflicts of interest in that jurisdiction." §§15-803 and 15-804 of the State Government ("SG") Article. It is also true that the Ethics Law prohibits officials and

---

[4] As this opinion suggests, Montgomery County may well be able to legislate prophylactic measures that fall outside the zone of State preemption. In the absence of a specific proposal, however, we cannot address that possibility in any detail.

[5] We must address the Ethics Law issue in order to respond to your request. An authoritative construction of that law, however, is only available from the State Ethics Commission.

employees from "solicit[ing] any gift." SG §15-505(a)(1). Nevertheless, through an exclusion in the definition of "gift," this key element of the conflict of interest portion of the Ethics Law does not apply to "the *solicitation*, acceptance, receipt, or regulation of a political contribution" that is regulated under the Election Code. SG §15-102(p)(2).[6]

## II

### Conclusion

In summary, it is our opinion that State legislative authorization is needed if Montgomery County is to enact an ordinance prohibiting the solicitation of political contributions under particular circumstances. In other respects, we agree with the conclusions reached in your office's opinion on this matter.

> J. Joseph Curran, Jr.
> *Attorney General*
>
> Jack Schwartz
> *Chief Counsel*
>  *Opinions & Advice*

---

[6] That the Ethics Law does not apply to the solicitation of political contributions is further evidenced by the fact that the General Assembly's prohibition of solicitation by statewide elected officials and members of the General Assembly during a legislative session was codified in the Election Code, not the Ethics Law.